WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Bad Kitty Incorporated,<br><br>Plaintiff,<br><br>v.<br><br>Guotai USA Company Limited, et al.,<br><br>Defendants. | No. CV-19-00916-PHX-GMS<br><br>**ORDER** |

Pending before the Court is Plaintiff Bad Kitty Incorporated's Motion to Remand to State Court (Doc. 15). For the following reasons the motion is granted.

## BACKGROUND

Plaintiff Bad Kitty Inc., an Arizona corporation, filed this suit against Guotai USA Company, Ltd. ("Guotai") and Jiangsu Guotai Litian Enterprises, Co. ("Guotai China"). The suit was originally filed in the Superior Court for Maricopa County on October 9, 2018. Guotai removed the case to this Court on February 11, 2019. (Doc. 1). Bad Kitty now petitions for remand to state court.

## DISCUSSION

**I.  Legal Standards**

Under 28 U.S.C. § 1332, federal district courts have jurisdiction over actions between citizens of different states where the amount in controversy exceeds $75,000. If an action meeting those qualifications is filed in state court, the defendant(s) in the case may remove the action "to the district court of the United States for the district and division

embracing the place where such action is pending." 28 U.S.C. § 1441(a).

**II.     Analysis**

    **A.     Guotai's removal was untimely.**

"The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). "[A] named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from the service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347–48 (1999).

Here, "[t]he parties agree on how to count to thirty, but they disagree over when to begin counting." *Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1128 (9th Cir. 2019). The nub of the dispute here centers on whether Bad Kitty validly served Guotai on January 2, 2019. If that service was valid, then Guotai's removal on February 11, 2019 was untimely under § 1446(b)(1) and the case must be remanded.

Under Arizona law, a corporation located outside of the state but within the United States may be served by:

> delivering a copy of the summons and the pleading being served to a partner, an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive the service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Ariz. R. Civ. P. 4.2(h). The statute thus provides multiple options for service and only requires an additional mailing a copy of the summons and pleading if the person served is an agent "authorized by statute and the statute so requires." *Id. See also Mid-Nebraska Tractor Co. v. Teel*, No. CV-16-00537-TUC-CKJ, 2017 U.S. Dist. LEXIS 15602, at *5 (D. Ariz. Feb. 2, 2017). In Arizona, "the rules are to be liberally construed as to service of process on foreign corporations." *Schering Corp. v. Cotlow*, 94 Ariz. 365, 368, 385 P.2d 234, 237 (1963).

On January 2, 2019, a process server delivered a copy of the Summons, Complaint, Certificate on Compulsory Arbitration, and various exhibits to Guotai's offices. The documents were served on a woman who identified herself as "Bertha," the "person in charge" at the office. (Doc. 1-3 at 45). The documents were then placed on the desk of Joseph Cohen, Guotai's CEO. (Doc. 17 at 3). The proof of service form also states that the process server "thereafter mailed the copies to the person served, addressed as shown in the above address, by first-class mail." (Doc. 1-3 at 45).

The service of process effected on January 2 was valid. Though the Arizona statute does not specifically provide for substituted service, the statute does allow for service on "a managing or general agent" of the business. Ariz. R. Civ. P. 4.2(h). To determine whether an individual qualifies as a general agent, a court looks to whether the individual is "of such character and rank so that it is reasonably certain the defendant will receive actual notice of the service of process." *Safeway Stores, Inc. v. Ramirez*, 1 Ariz. App. 117, 119, 400 P.2d 125, 127 (1965); *Gardner v. Studio 6*, No. 2 CA-CV 2008-0010, 2008 WL 4638925, at *3 (Ariz. Ct. App. April 30, 2008). "Bertha" satisfies these criteria—she informed the process server that she was the "person in charge" at Guotai's California offices. What's more, according to Cohen's own declaration he received actual notice—the served papers were placed on his desk and he was aware of them. The January 2 service of process thus satisfied the requirements of Arizona Rule 4.2. That being the case, the time in which Guotai could have timely removed the case expired thirty days after January 2, 2019. Guotai's notice of removal, dated February 11, 2019, was untimely.

Guotai's citation to *Anderson v. State Farm* is inapposite. *Anderson* held that service upon a statutory designee—in that case, the state Insurance Commissioner—did not start the clock for purposes of calculating the timeliness of removal under § 1446(b)(1). Rather, the court concluded that the time began to run upon actual receipt by the defendant. 917 F.3d at 1127. That is not the situation here. In this case, Joseph Cohen was both the CEO of Guotai USA and its agent for the service of process. (*See*, *e.g.*, Doc. 21-1 at 11). The holding from *Anderson* is therefore inapplicable here because *Anderson* grounded its

holding in the "bedrock principle" of actual notice, and in that case service upon the state Insurance Commissioner did not necessarily correspond with the company receiving actual notice because a number of factors beyond the company's control could affect when the company received actual notice from the Commissioner. *Id.* at 1129–30. In a situation where the company's CEO is served with process, as in this case, the same concerns of actual notice to the company are absent.

Guotai's arguments about Bad Kitty's subjective belief regarding the validity of the January 2 service are similarly irrelevant. The standard under Arizona Rule 4.2 was met, and Guotai has cited no cases holding that a plaintiff's subjective belief about the validity of service somehow alters the thirty-day limit for removal to federal court.

**IT IS THEREFORE ORDERED** that Plaintiff Bad Kitty Incorporated's Motion to Remand to State Court (Doc. 15) is **GRANTED** and the Clerk of Court is directed to remand this action back to the Maricopa County Superior Court.

**IT IS FURTHER ORDERED** finding Defendant Guotai USA Company Ltd.'s Motion to Dismiss (Doc. 14) as being **MOOT**.

Dated this 5th day of April, 2019.

_G. Murray Snow_
G. Murray Snow
Chief United States District Judge